IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EAGLE PHARMACEUTICALS, INC., TEVA PHARMACEUTICALS INTERNATIONAL GMBH, AND CEPHALON, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. _____ |
| HOSPIRA, INC., | ) ) | |
| Defendant. | ) | |

## **COMPLAINT**

Plaintiffs Eagle Pharmaceuticals, Inc. ("Eagle"), Teva Pharmaceuticals International GmbH ("Teva Pharmaceuticals"), and Cephalon, Inc. ("Cephalon," and collectively with Teva Pharmaceuticals, "Teva"), and (collectively "Plaintiffs"), by their attorneys, for their Complaint, allege as follows:

1.      This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, and for a declaratory judgment of patent infringement under 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States, Title 35, United States Code, that arises out of the submission of New Drug Application ("NDA") No. 211530 by Hospira, Inc. ("Hospira" or "Defendant") to the U.S. Food and Drug Administration ("FDA") seeking approval to manufacture and sell its proposed product which relies on data from bioavailability and/or bioequivalence studies contained in the approved labeling for Plaintiffs' BENDEKA® (bendamustine hydrochloride) Injection, 100 mg/4 mL (25 mg/mL) ("BENDEKA®") prior to the expiration of U.S. Patent No. 11,103,483 ("the '483 patent" or "the Patent-in-Suit").

## PARTIES

2.      Plaintiff Eagle Pharmaceuticals, Inc. is a corporation organized and existing under the laws of Delaware, with its corporate offices and principal place of business at 50 Tice Boulevard, Suite 315, Woodcliff Lake, New Jersey 07677.

3.      Plaintiff Teva Pharmaceuticals International GmbH is a limited liability company organized and existing under the laws of Switzerland, having a principal place of business at Schlüsselstrasse 12, Jona (SG) 8645, Switzerland.

4.      Plaintiff Cephalon, Inc. is a corporation organized and existing under the laws of Delaware, having a principal place of business at 145 Brandywine Parkway, West Chester, Pennsylvania 19380.

5.      On information and belief, Defendant Hospira, Inc. is a corporation organized and existing under the laws of Delaware, with its principal place of business at 275 North Field Drive, Lake Forest, Illinois 60045.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, based on Hospira's filing of NDA No. 211530 and Plaintiffs' pending suit against Hospira based on Hospira's infringement of other patents based on Hospira's same NDA filing. *See Eagle Pharm., Inc. v. Hospira*, *Inc.*, No. 18-01074-CFC (D. Del.).

7.      Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b) at least because Hospira is organized and existing under the laws of Delaware and therefore resides there for purposes of venue.

8.      Based on the facts and causes alleged herein, and for additional reasons to be further developed through discovery if necessary, this Court has personal jurisdiction over Hospira.

9.      This Court has personal jurisdiction over Hospira because, upon information and belief, Hospira is a corporation organized and existing under the laws of Delaware and maintains a registered agent for service of process in Delaware.  This Court has personal jurisdiction over Hospira for the additional reasons set forth below and for other reasons that will be presented to the Court if such jurisdiction is challenged.

10.     In addition, this Court has personal jurisdiction over Hospira because, on information and belief, Hospira has engaged in a persistent course of conduct within Delaware by continuously and systematically placing goods into the stream of commerce for distribution throughout the United States, including Delaware.

11.     Further, this Court also has personal jurisdiction over Hospira because, among other things, on information and belief: (1) Hospira has filed an NDA for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the product described in NDA No. 211530 in the United States, including in Delaware; and (2) Hospira will market, distribute, offer for sale, and/or sell the product described in NDA No. 211530 in the United States, including in Delaware, upon approval of NDA No. 211530, and will derive substantial revenue from the use or consumption of the product described in NDA No. 211530 in the State of Delaware.  *See Acorda Therapeutics Inc. v. Mylan Pharm. Inc.*, 817 F.3d 755, 763 (Fed. Cir. 2016).  On information and belief, if NDA No. 211530 is approved, the product described in NDA No. 211530 would, among other things, be marketed, distributed, offered for sale, and/or sold in Delaware, prescribed by physicians practicing in Delaware, dispensed by pharmacies located within Delaware, and/or used by patients in Delaware, all of which would have a substantial effect on Delaware.

12.     The Court also has personal jurisdiction over Hospira because it has committed, aided, abetted, induced, contributed to, or participated in the commission of the tortious act of patent infringement that has led and/or will lead to foreseeable harm and injury to Eagle and Cephalon, both Delaware corporations.

13.     Hospira has previously submitted to the jurisdiction of this Court and has availed itself of the legal protections of the State of Delaware by having filed suit in this jurisdiction.  *See, e.g.*, *Hospira, Inc. v. Gland Pharma Ltd.*, C.A. No. 18-00190-RGA, D.I. 1 (D. Del. Feb. 1, 2018); *Hospira, Inc. v. Jiangsu Hengrui Med.*, C.A. No. 18-00191-RGA, D.I. 1 (D. Del. Feb. 1, 2018); *Hospira, Inc. v. Par Sterile Prods., LLC*, C.A. No. 16-00879-RGA, D.I. 1 (D. Del. Sep. 29, 2016); *Hospira, Inc. v. Amneal Pharm. LLC*, C.A. No. 15-00697-RGA, D.I. 1 (D. Del. Aug. 11, 2015); *Hospira, Inc. v. Ben Venue Labs. Inc.*, No. 14-01008-GMS, D.I. 1 (D. Del. Aug. 1, 2014); *Hospira, Inc. v. Aurobindo Pharma Ltd.*, No. 14-00486-GMS, D.I. 1 (D. Del. Apr. 18, 2014).

14.     Hospira has also previously consented to jurisdiction in Delaware in one or more prior cases arising out of the filing of its ANDAs, NDAs, and BLAs, and it has filed counterclaims in such cases, including in Plaintiffs' pending suit against Hospira based on Hospira's infringement of other patents based on Hospira's same filing of NDA No. 211530.  *See, e.g.*, *Eagle Pharm., Inc. v. Hospira, Inc.*, No. 18-01074-CFC, D.I. 39 (D. Del. Jan. 2, 2020); *Par Pharm., Inc. v. Hospira, Inc.*, No. 17-00944-JFB-SRF, D.I. 94 (D. Del. Sep. 5, 2018); *Belcher Pharm., LLC v. Hospira, Inc.*, No. 17-00775-LPS, D.I. 54 (D. Del. Dec. 15, 2017); *Millennium Pharm., Inc. v. Hospira, Inc.*, No. 16-00998-GMS, D.I. 9 (D. Del. Dec. 19, 2016); *Amgen Inc. v. Hospira, Inc.*, No. 15-00839-RGA, D.I. 76 (D. Del. Aug. 19, 2016); *Helsinn Healthcare S.A. v. Hospira, Inc.*, No. 15-00264, D.I. 7 (D. Del. Jun. 8, 2015); *Cephalon Inc. v. Hospira Inc.*, No. 14-01242-GMS, D.I. 7 (D. Del. Oct. 20, 2014); *Merck Sharp & Dohme Corp. v. Hospira, Inc.*, No. 14-00915-RGA, D.I.

9 (D. Del. Jul. 21, 2014); *Aventis Pharma S.A. v. Hospira, Inc.*, No. 07-00721-GMS, D.I. 7 (D. Del. Dec. 10, 2007).

15.    For at least the above reasons, it would not be unfair or unreasonable for Hospira to litigate this action in this District, and there is personal jurisdiction over Hospira here.

## BACKGROUND

16.    BENDEKA®, which contains bendamustine hydrochloride, is an alkylating drug that is indicated for the treatment of patients with chronic lymphocytic leukemia, as well as for the treatment of patients with indolent B-cell non-Hodgkin lymphoma that has progressed during or within six months of treatment with rituximab or a rituximab-containing regimen.

17.    Eagle is the holder of New Drug Application No. 208194 for BENDEKA®, which has been approved by the FDA.

18.    The '483 patent, entitled "Formulations of Bendamustine" (Exhibit A hereto), was duly and legally issued on August 31, 2021. Eagle Pharmaceuticals, Inc. is the owner and assignee of the '483 patent, and Cephalon is a licensee thereof. The '483 patent is listed in the Orange Book in connection with BENDEKA®.

19.    On or around February 13, 2015, Cephalon executed a license agreement ("the Eagle license") involving, *inter alia*, patent rights that include the '483 patent, for the commercialization of Eagle's bendamustine hydrochloride rapid infusion product, EP-3102, which became BENDEKA®.

20.    On or around October 14, 2015, Cephalon assigned its rights in the Eagle license to Teva Pharmaceuticals.

## INFRINGEMENT BY HOSPIRA

21.     By letter dated June 6, 2018 (the "Notice Letter"), Hospira notified Eagle and Teva pursuant to the Federal Food, Drug, and Cosmetic Act ("FDCA") that Hospira had submitted to the FDA NDA No. 211530, seeking approval from the FDA to engage in the commercial manufacture, use, and/or sale of a liquid bendamustine hydrochloride drug product ("Hospira's NDA Product") prior to the expiration of, *inter alia*, U.S. Patent Nos. 9,034,908 ("the '908 patent"); 9,144,568 ("the '568 patent"); 9,572,887 ("the '887 patent"); 9,597,397 ("the '397 patent"); 9,597,398 ("the '398 patent"); 9,597,399 ("the '399 patent"); 9,000,021 ("the '021 patent"); and 9,579,384 ("the '384 patent") ("the Notice Letter Patents"), and therefore prior to the expiration of the '483 patent.

22.     The Notice Letter Patents are listed in the Orange Book for BENDEKA®.  Plaintiffs filed suit against Hospira for infringement of the Notice Letter Patents.  That case remains pending in this Court.  *See Eagle Pharm., Inc. v. Hospira*, *Inc.*, No. 18-01074-CFC, D.I. 1 (D. Del. Jul. 19, 2018).

23.     Upon information and belief, Hospira's NDA Product received tentative approval from the FDA on January 29, 2019.   *See*  https://www.accessdata.fda.gov/drugsatfda_ docs/appletter/2019/211530Orig1s000TAltr.pdf (last visited November 15, 2021).

24.     Upon information and belief, Hospira's NDA Product relies on data from bioavailability and/or bioequivalence studies contained in the approved labeling for BENDEKA® and contains the same or equivalent ingredients in the same or equivalent amounts as BENDEKA® and/or as recited in the claims of the '483 patent.  BENDEKA® is approved for a 24-month shelf life.  Hospira's Notice Letter does not identify any difference in stability between Hospira's NDA

Product and BENDEKA® and, upon information and belief, Hospira's NDA Product has the same or substantially similar stability as BENDEKA® and/or as recited in the claims of the '483 patent.

25.     On information and belief, the purpose of Hospira's submission of NDA No. 211530 was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Hospira's NDA Product prior to the expiration of the '483 patent.

26.     In the Notice Letter, Hospira stated that the active ingredient of Hospira's NDA Product is bendamustine hydrochloride.  *See also Eagle Pharm., Inc. v. Hospira, Inc*., No. 18-01074-CFC, D.I. 20 at 6 (D. Del. Sept. 7, 2018).

27.     In the Notice Letter, Hospira stated that the proposed dosage strength of Hospira's NDA Product is 25 mg/mL.  *See also id*.

28.     Upon information and belief, Hospira's NDA Product contains polyethylene glycol and a stabilizing amount of an antioxidant.  *See* Notice Letter; *Eagle Pharm*., No. 18-01074-CFC, D.I. 20 at 6 (D. Del. Sept. 7, 2018).

29.     Upon information and belief, Hospira's NDA Product is a ready to use liquid bendamustine-containing composition.  *See* Notice Letter; *Eagle Pharm*., No. 18-01074-CFC, D.I. 20 at 6 (D. Del. Sept. 7, 2018).

30.     Upon information and belief, Hospira's NDA Product has less than about 5% peak area response of total impurities resulting from the degradation of the bendamustine, as determined by HPLC at a wavelength of 223 nm after at least 15 months at a temperature of from about 5 °C to about 25 °C.

31.     Upon information and belief, the proposed labeling for Hospira's NDA Product encourages, recommends, instructs, and/or promotes administration of a bendamustine-containing

composition to patients with chronic lymphocytic leukemia and indolent B-cell non-Hodgkin lymphoma, which are types of cancer.

## COUNT I – INFRINGEMENT OF U.S. PATENT
## NO. 11,103,483 UNDER 35 U.S.C. § 271(e)(2)

32.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

33.     Hospira's submission of NDA No. 211530 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Hospira's NDA Product prior to the expiration of the '483 patent, was an act of infringement of the '483 patent under 35 U.S.C. § 271(e)(2)(A).

34.     Upon information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Hospira's NDA Product would infringe one or more claims of the '483 patent, including but not limited to claims 1 and 8, either literally and/or under the doctrine of equivalents.

35.     Upon information and belief, Hospira will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Hospira's NDA Product with its proposed labeling upon FDA approval of NDA No. 211530.

36.     Upon information and belief, the use of Hospira's NDA Product in accordance with and as directed by Hospira's proposed labeling for that product would infringe one or more claims of the '483 patent, including but not limited to claims 1 and 8.

37.     Upon information and belief, Hospira plans and intends to, and will, actively induce infringement of the '483 patent when NDA No. 211530 is approved, and plans and intends to, and will, do so after approval.

38.     Upon information and belief, Hospira will instruct, encourage, promote, and/or recommend the administration of the Hospira NDA Product within the scope of one or more claims

of the '483 patent, either literally or under the doctrine of equivalents. On information and belief, Hospira will market its proposed products to hospitals, clinics, physicians, and other medical care providers and will instruct, encourage, promote, and/or recommend the practice of each of the steps of one or more claims of the '483 patent, either literally or under the doctrine of equivalents.

39.     Upon information and belief, Hospira knows that its NDA Product and its proposed labeling are especially made or adapted for use in infringing the '483 patent, and that its NDA Product and its proposed labeling are not suitable for substantial noninfringing use. Upon information and belief, Hospira plans and intends to, and will, contribute to infringement of the '483 patent after approval of NDA No. 211530.

40.     The foregoing actions by Hospira constitute and/or will constitute infringement of the '483 patent, active inducement of infringement of the '483 patent, and contribution to the infringement by others of the '483 patent.

41.     Upon information and belief, Hospira has acted with full knowledge of the '483 patent and/or the application leading to the '483 patent, Application No. 16/509,920, and without a reasonable basis for believing that it would not be liable for infringing the '483 patent, actively inducing infringement of the '483 patent, and contributing to the infringement by others of the '483 patent.

42.     Unless Hospira is enjoined from infringing the '483 patent, actively inducing infringement of the '483 patent, and contributing to the infringement by others of the '483 patent, Eagle will suffer irreparable injury.  Eagle has no adequate remedy at law.

## COUNT II – DECLARATORY JUDGMENT OF INFRINGEMENT OF U.S. PATENT NO. 11,103,483

43.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

44.     Upon information and belief, Hospira has knowledge of the '483 patent and/or the application leading to the '483 patent, Application No. 16/509,920.

45.     Upon information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Hospira's NDA Product would infringe one or more claims of the '483 patent, including but not limited to claims 1 and 8, either literally or under the doctrine of equivalents.

46.     Upon information and belief, Hospira will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Hospira's NDA Product with its proposed labeling upon FDA approval of NDA No. 211530.

47.     Upon information and belief, the use of Hospira's NDA Product in accordance with and as directed by Hospira's proposed labeling for that product would infringe one or more claims of the '483 patent, including but not limited to claims 1 and 8.

48.     Upon information and belief, Hospira plans and intends to, and will, actively induce infringement of the '483 patent when NDA No. 211530 is approved, and plans and intends to, and will, do so after approval.

49.     Upon information and belief, Hospira knows that its NDA Product and its proposed labeling are especially made or adapted for use in infringing the '483 patent, and that its NDA Product and its proposed labeling are not suitable for substantial noninfringing use.   Upon information and belief, Hospira plans and intends to, and will, contribute to infringement of the '483 patent after approval of NDA No. 211530.

50.     The foregoing actions by Hospira constitute and/or will constitute infringement of the '483 patent, active inducement of infringement of the '483 patent, and contribution to the infringement by others of the '483 patent.

51.     Upon information and belief, Hospira has acted without a reasonable basis for believing that it would not be liable for infringing the '483 patent, actively inducing infringement of the '483 patent, and contributing to the infringement by others of the '483 patent.

52.     Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and Hospira regarding whether Hospira's manufacture, use, sale, offer for sale, or importation into the United States of Hospira's NDA Product with its proposed labeling according to NDA No. 211530 will infringe one or more claims of the '483 patent.

53.     Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Hospira's NDA Product with its proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '483 patent.

54.     Hospira should be enjoined from infringing the '483 patent, actively inducing infringement of the '483 patent, and contributing to the infringement by others of the '483 patent; otherwise Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs request the following relief:

(a)     A judgment that Hospira has infringed, will infringe, and will induce and contribute to infringement of the '483 patent;

(b)     A judgment pursuant to, *inter alia*, 35 U.S.C. § 271(e)(4)(A) ordering that the effective date of any FDA approval for Hospira to make, use, offer for sale, sell, market, distribute, or import Hospira's NDA Product, or any product or compound the making, using, offering for sale, sale, marketing, distribution, or importation of which infringes the '483 patent, be not earlier

than the expiration date of the '483 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(c)     A preliminary and permanent injunction pursuant to, *inter alia*, 35 U.S.C. § 271(e)(4)(B) and 35 U.S.C. § 283 enjoining Hospira, its officers, agents, servants, employees and attorneys, and all persons acting in concert with them, from making, using, selling, offering for sale, marketing, distributing, or importing Hospira's NDA Product, or any product the making, using, offering for sale, sale, marketing, distribution, or importation of which infringes the '483 patent, or the inducement of or the contribution to any of the foregoing, prior to the expiration date of the '483 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(d)     A judgment declaring that making, using, selling, offering for sale, marketing, distributing, or importing Hospira's NDA Product, or any product or compound the making, using, offering for sale, sale, marketing, distribution, or importation of which infringes the '483 patent, prior to the expiration date of the '483 patent, respectively, will infringe, actively induce infringement of, and/or contribute to the infringement by others of the '483 patent;

(e)     An award of Plaintiffs' damages or other monetary relief to compensate Plaintiffs if Hospira engages in the manufacture, use, offer for sale, sale, marketing, distribution, or importation of Hospira's NDA Product, or any product the making, using, offering for sale, sale, marketing, distribution, or importation of which infringes the '483 patent, or the inducement of or the contribution to any of the foregoing, prior to the expiration date of the '483 patent, inclusive of any extension(s) and additional period(s) of exclusivity, in accordance with 35 U.S.C. § 271(e)(4)(C);

(f)     A declaration that this case against Hospira is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

(g)    An award of Plaintiffs' costs and expenses in this action; and

(h)    Such further and other relief as this Court may deem just and proper.

OF COUNSEL:
Daniel G. Brown
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

Kenneth G. Schuler
Marc N. Zubick
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876-7700
*Attorneys for Eagle Pharmaceuticals, Inc.*

David I. Berl
Adam D. Harber
Elise M. Baumgarten
Shaun P. Mahaffy
Ben Picozzi
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000
*Attorneys for Teva Pharmaceuticals
International GmbH and Cephalon, Inc.*

Dated:  November 16, 2021

/s/ Karen E. Keller
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Plaintiffs*